UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARRY L. CROUSE, et al.,<br><br>                  Plaintiffs,<br><br>    v.<br><br>CITY OF UNIVERSITY PLACE, et al.,<br><br>                  Defendants. | CASE NO. C13-5486 BHS<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS |

This matter comes before the Court on pro se Plaintiffs' Barry L. Crouse and Inina V. Crouse's ("Crouses") application to proceed in forma pauperis (Dkt. 1) and their complaint against the City of University Place, Pierce County, and the Attorney General of Washington State ("Defendants") (Dkt. 1-1). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading in forma pauperis . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th

Cir. 1986). Moreover, the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307 (1989) (there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

It appears the Crouses have sufficient income to pay the filing fee in this matter, as Ms. Crouse has a monthly salary of $1,800; they have a checking account with $5,700; a savings account with $600 and bonds. *See* Dkt. 1 at 1-2. On that basis, the Court denies Crouse's motion to proceed in forma pauperis.

Additionally, the Court is unable to determine what causes of action might lie in this Court. The Crouses claim this Court has jurisdiction apparently because Defendants have committed "civil rights and or human rights abuses [to them as] Russian citizens," who have "dual citizenship" presumably in both Russia and the United States. *See* Dkt. 1-1 at 2. The alleged diversity of citizenship does not satisfy the requirements 28 U.S.C. § 1332(a). That statute requires complete diversity of citizenship between all plaintiffs

and defendants as well as an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a).  Although the Crouses state that their "civil rights" or "human rights" have been violated (Dkt. 1-1 at 2), which may give rise to federal question jurisdiction (*see* 28 USC § 1331), the allegations in the Crouses' complaint are not at all clear.  Under their "Statement of the Claim," the Crouses supply very few complete factual statements to even guide the Court in its interpretation of what the Crouses' claims might be.  *See* Dkt. 1-1 at 2.  Some allegations include "Corrupting Public Records Prevent Defendants in having any Economic gain," such as "housing" and "employment;" "Child was abused in Public School Dual Citizenship attends Private homeschooling;" and "Wife Irina has been working in a sweat shop with very little breaks being pressured to work faster incurring injuries." *Id*.  Nor is it clear which Defendant committed which alleged unlawful conduct or when the alleged conduct occurred.

Further, most of the relief sought, such as directing "the Russian Consulate in Seattle [to] monitor "local Government abuses [in] work/education,"  to "insure Credit Bureaus use Official Legalized Documents as the basis for Public Records," and to "insure the Local Government is cooperating [with] federal/ International" governments are not within the Court's power to do. *Id*. at 3.

In short, based on the current complaint, it does not appear that the Crouses can sustain their claims either in law or fact.  The Court finds that the allegations as plead are likely to be without merit and conceivably frivolous.  However, if the Crouses wish to file an amended complaint, clarifying their factual allegations, the legal bases for this

1  Court's jurisdiction, and the causes of action they wish to pursue against which
2  Defendants, they must do so when they pay the filing fee to proceed with this action.
3       Therefore, it is hereby **ORDERED** that the Crouses' application to proceed in
4  forma pauperis (Dkt. 1) is **DENIED**.  If the Crouses desire to proceed with this civil
5  action, they shall pay the $350 filing fee to the Court Clerk not later than July 3, 2013.  If
6  the Crouses fail to timely submit the filing fee, the Clerk is directed to dismiss this case
7  without prejudice.
8       Dated this 21st day of June, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge